UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RALPH ARCHUNG,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANCOR TRANSPORT LTD et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:23-cv-00407-LK<br><br>ORDER TO SHOW CAUSE |

　　　This matter comes before the Court sua sponte. Plaintiff Ralph Archung initiated this lawsuit in King County Superior Court in February 2023, seeking relief for personal injuries and property damage he sustained in a July 2021 motor vehicle accident in Washington. *See* Dkt. No. 1-1 at 2–5. On March 17, 2023, Defendants Ancor Transport LTD, Dharminder Narwal, and "Jane Doe" Narwal timely removed the case to federal district court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–2. Defendants assert that the Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. *Id.* at 2–6. However, Defendants do not adequately allege diversity.

ORDER TO SHOW CAUSE - 1

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is thus "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). In the removal context, Defendants bear the burden of establishing that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In addition, courts strictly construe the removal statute against removal jurisdiction, with any doubts as to the right of removal weighing in favor of remand. *Moore-Thomas*, 553 F.3d at 1244.

Other than in certain instances not applicable to this case, the removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Relevant here is 28 U.S.C. § 1332(a), which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2). For the latter category, however, there is not complete diversity among "citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" *Id.* § 1332(a)(2).

Importantly, for purposes of diversity jurisdiction, an individual's state citizenship is determined by his or her state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*,

ORDER TO SHOW CAUSE - 2

265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not equivalent to citizenship."). Rather, one's domicile is defined as a "permanent home, where [one] resides with the intention to remain or to which [one] intends to return." *Kanter*, 265 F.3d at 857; *accord Adams v. W. Marine Prod.*, Inc., 958 F.3d 1216, 1221 (9th Cir. 2020). Here, Defendants do not allege domicile and appear to equate residence with citizenship: they state that "Plaintiff is a resident of Jefferson County, Washington, and is therefore a Washington citizen," and that "Defendant Dharminder Narwal is a resident of British Columbia, Canada" and is a "citizen[] of British Columbia, Canada." Dkt. No. 1 at 6. Defendants do not include any information regarding "Jane Doe" Narwal's citizenship. *See id.*

Although it may be (and perhaps likely is) true that Plaintiff permanently resides in Washington and has every intent of staying here, and that the same is true for Dharminder Narwal and "Jane Doe" Narwal with respect to British Columbia, Canada, that is not necessarily the case. Without more information, the Court is unable to determine whether diversity jurisdiction exists. *See, e.g.*, *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017), *aff'd*, 745 F. App'x 768 (9th Cir. 2018).

Accordingly, no later than April 26, 2023, Defendants are ORDERED to show cause why this case should not be remanded to superior court for lack of subject matter jurisdiction. Specifically, Defendants must allege the domicile of the relevant individual parties as required under 28 U.S.C § 1332(a). Failure to do so will result in remand.

Dated this 19th day of April, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3